```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,
                                                   03-CR-6044T

              v.                                   DECISION
                                                   and ORDER
MELVIN FLECHA-MENDOZA,


                     Defendant.
_____
```

## INTRODUCTION

Defendant Melvin Flecha-Mendoza ("Flecha-Mendoza"), by superseding indictment, is charged with several offenses including conspiracy to possess with intent to distribute, and to possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841(a)(1)(B), 841(b)(1)(C) and 846.

This case was referred to Magistrate Judge Marian W. Payson for pretrial proceedings by Order dated May 30, 2003. Thereafter, the defendant moved to suppress photographic identifications of him made by two confidential informants on grounds that the procedures used in obtaining the identifications were unduly suggestive. By Report and Recommendation dated January 13, 2005, Judge Payson concluded that the procedures were unduly suggestive, and recommended that further proceedings be held to determine whether or not a reliable, independent basis existed for the identifications made by the confidential informants. By Order dated February 17, 2005, I adopted Judge Payson's Report and

Recommendations, and referred the matter to Judge Payson for further proceedings with respect to determining whether or not the identifications were reliable independent of the unduly suggestive proceedings.

Pursuant to my February 17, 2005 Order, Judge Payson held further hearings at which the confidential informants were called to testify. The informants, in general, testified as to their numerous previous interactions with the persons they identified in the photographs. Following the hearing, Judge Payson, on November 10, 2005, issued a Report and Recommendation in which she recommended that the defendant's motion be denied on grounds that an independent basis for the identifications existed: to wit, that the confidential informants had had extensive contact with the defendant prior to identifying him during the photographic identification procedure. Judge Payson concluded that because the informants had known the defendant and had had dealings with him on several occasions, an independently reliable basis for the identifications existed.

Defendant objects to Judge Payson's Report and Recommendation on grounds that evidence adduced at the hearings does not support a finding that the informants knew him well enough to identify him absent the unduly suggestive identification procedure. He contends that the unduly suggestive procedure irreparably tainted the identification of him by the informants and accordingly, the

identification evidence should be suppressed. For the reasons set forth below, I deny defendant's motion.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), after the filing of a Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations. After such filing,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

28 U.S.C. § 636(b)(1). A district court, however, may not reject the credibility findings of a Magistrate Judge without conducting an evidentiary hearing in which the district court has the opportunity to observe and evaluate witness credibility in the first instance. Cullen v. United States, 194 F.3d 401 (2nd Cir. 1999).

## DISCUSSION

Following a de novo review of record, I affirm Judge Payson's recommendation for the reasons set forth in her Report and Recommendations dated November 10, 2005. It is clear from the testimony adduced at the hearings that the confidential informants had had extensive contact with the defendant. One informant had known the defendant since 1997, and had worked closely with him on

a daily basis. The other informant testified that an individual he knew as "Melvin" was present at the location where drugs were being sold. Based on the testimony of the confidential informants, I find that they had sufficient dealings with the defendant to be able to reliably identify him despite the use in this case of an unduly suggestive photographic array. I therefore find that the identifications of the defendant by the confidential informants does not violate the defendant's constitutional rights, and deny his motion to suppress identification evidence.

## CONCLUSION

For the reasons set forth above, I affirm Judge Payson's November 10, 2005 Report and Recommendation deny defendant's motion to suppress identification evidence.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
    Michael A. Telesca
United States District Judge

DATED:   Rochester, New York
         December 23, 2005